IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROVI CORPORATION, ROVI GUIDES, INC. (f/k/a GEMSTAR-TV GUIDE INTERNATIONAL INC.), UNITED VIDEO PROPERTIES, INC., TV GUIDE ONLINE, LLC, and TV GUIDE ONLINE, INC., <br><br> Plaintiffs, <br><br> v. <br><br> AMAZON.COM, INC., and IMDB.COM, INC., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> C.A. No. 11-003 (RGA) |

**SUPPLEMENTAL CLAIM CONSTRUCTION BRIEF OF
DEFENDANTS AMAZON AND IMDB REGARDING "STANDARDIZED PRODUCT"**

OF COUNSEL:

D. Michael Underhill
Scott E. Gant
Neal Hannan
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Avenue, NW
Washington, DC 20015
(202) 237-2727

Eric J. Maurer
MAURER PLLC
5335 Wisconsin Avenue, NW
Suite 440 PMB #: 4154
Washington, DC 20015
(202) 417-3804

May 7, 2012

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Karen Jacobs Louden (#2881)
Michael Flynn (#5333)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
klouden@mnat.com
mflynn@mnat.com

*Attorneys for Defendants Amazon.com, Inc. and IMDb.com, Inc.*

At the *Markman* Hearing on April 27, 2012, the Court noted that it was unlikely to adopt Amazon and IMDb's argument that the "standardized product" limitation is indefinite, but that Plaintiffs' proposed construction of this term was also unsatisfactory. (Tr. at 93:9-14.) The Court therefore invited the parties to go back to the drawing board and proffer new proposed constructions in light of the discussion at the hearing. (Tr. at 103:1-10.)

If the Court ultimately concludes — contrary to Amazon and IMDb's position — that the term is definable, Amazon and IMDb alternatively ask the Court to adopt the following definition of "standardized product":

| "standardized product" ['268 Claim 34] ||
|---|---|
| **Amazon and IMDb's Proposed Construction** | **Plaintiffs' Original Construction** |
| a program-associated product whose availability is determinable solely from information identifying the type of product | a product type associated with various programs |

Amazon and IMDb's revised construction is the only one that is consistent with the '268 Patent specification's use of "standardized product." The '268 Patent describes a "standardized product" in terms of *how* the product can be identified in a database. Specifically, the specification makes clear that a standardized product is one whose availability is indicated by information identifying only the *type of product*:

> In one embodiment, the ***database*** of program schedule information ***stored*** at each user location may include ***all the information for each product and service***—a description of the product(s) or service(s), price, and any other information required. The disadvantage of this method, however, is that if a large number of programs include products and services available for ordering, the demands on the system memory are great. ***Another method is to standardize the products and services available so as to include in the database only a minimal amount of information necessary to identify the type of product or service.*** For example, if only videocassettes and transcripts are ***available, the database need only include a flag for each listing indicating whether a videocassette, transcript, or both are available.***

('268 at 36:21-38 (emphasis added).)

This passage describes two characteristics of "standardized products." First, a standardized product's availability is identified without "all the information" associated with the product being stored in a database. Because less information is stored, the "demands on the system memory" are reduced, especially where products are offered by numerous programs. (*Id.* at 36:27-28.) While Amazon and IMDb's construction incorporates this aspect of "standardized products," Plaintiffs' original construction (a "product type associated with various programs") does not. Their definition would, for example, encompass ***all*** products associated with multiple programs, including those for which "all the information" associated with the product is stored in the database—and thereby not reducing demands on system memory at all.

Second, the passage describes a "standardized product" in terms of ***what kind*** of corresponding information stored in a database indicates product availability. Specifically, "the database [has] only a minimal amount of information necessary to identify the ***type of product*** . . . ." (*Id.* at 36:30-31 (emphasis added).) Thus, for example, "the database need only include a flag for each listing indicating whether a videocassette, transcript, or both are available." (*Id.* at 36:33-35.) Because the '268 Patent expressly differentiates between standardized and non-standardized products on the basis of whether the availability of the product is indicated solely by product "type" information, Amazon's and IMDb's proposed construction incorporates this

2

characteristic. Plaintiff's original construction does not.

In summary, if the Court believes that "standardized product" can be construed, Defendants request that the Court adopt their proposal: "a program-associated product whose availability is determinable solely from information that identifies the type of product."

Respectfully submitted,

/s/ Michael J Flynn
Karen Jacobs Louden (#2881)
Michael J. Flynn (#5333)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
klouden@mnat.com
mflynn@mnat.com

*Attorneys for Defendants Amazon.com, Inc. and IMDb.com, Inc.*

OF COUNSEL:

D. Michael Underhill
Scott E. Gant
Neal Hannan
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Avenue, NW
Washington, DC 20015
(202) 237-2727

Eric J. Maurer
MAURER PLLC
5335 Wisconsin Avenue, NW
Suite 440 PMB #: 4154
Washington, DC 20015
(202) 417-3804

May 7, 2012

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 7, 2012, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send electronic notification of such filing to all registered participants.

Additionally, I hereby certify that true and correct copies of the foregoing were caused to be served on May 7, 2012, upon the following individuals in the manner indicated:

| | |
|---|---|
| Frederick L. Cottrell, III<br>Anne Shea Gaza<br>Jason J. Rawnsley<br>Richards, Layton & Finger, PA<br>One Rodney Square<br>920 N. King Street<br>Wilmington, DE 19801 | *BY ELECTRONIC MAIL* |
| Daralyn J. Durie<br>Ragesh K. Tangri<br>Clement S. Roberts<br>Eugene Novikov<br>Jesse Geraci<br>Durie Tangri LLP<br>217 Leidesdorff Street<br>San Francisco, CA 94111-3007 | *BY ELECTRONIC MAIL* |

*/s/ Michael J. Flynn*
Michael J. Flynn (#5333)