

RICHARDS
LAYTON &
FINGER

Attorneys at Law

Frederick L. Cottrell, III
Director
302-651-7509
Cottrell@rlf.com

October 10, 2012

**VIA CM/ECF & HAND DELIVERY**

The Honorable Richard G. Andrews
United States District Court
District of Delaware
844 N. King Street
Wilmington, DE 19801

      Re: *United Video Properties, Inc., et al. v. Amazon.com, Inc., et al.*, C.A. No. 11-003-RGA

Dear Judge Andrews,

      I write concerning the discovery dispute to be addressed at the October 12, 2012 conference with the Court in the above-captioned case. This is a patent infringement case. Plaintiffs originally asserted 68 claims across five patents. In July of last year, in response to an interrogatory requesting their invalidity contentions, Defendants provided such contentions for a single independent claim of each patent.[1] Those contentions asserted 42 unique prior art references against the charted claims.

      Plaintiffs recognized that it would not be feasible to present 68 claims and 42 prior art references at trial. Accordingly, Plaintiffs attempted to reach a compromise whereby: (1) Plaintiffs would narrow the number of claims asserted; (2) Defendants would provide complete invalidity contentions for the narrowed set of claims; and (3) as part of providing new invalidity contentions, Defendants would narrow the number of prior art references asserted. Defendants refused to agree to this compromise. (Ex. A.) Finally, Plaintiffs agreed to narrow the number of claims to 23 across four patents in order to get invalidity contentions from Defendants as to the narrowed set of claims before the close of discovery.

      On September 12, 2012, Defendants served their invalidity contentions for the 23 claims. Those contentions asserted *83* unique prior art references. Plaintiffs again asked Defendants to narrow the number of references, and Defendants again refused. (Ex. B.)

---

[1] In an effort to avoid burdening the Court with voluminous exhibits, Plaintiffs do not attach the various iterations of the interrogatory responses concerning invalidity and validity to this letter. Plaintiffs are happy to submit copies of those responses at the Court's convenience should the Court wish to review them.

■ ■ ■

One Rodney Square ■ 920 North King Street ■ Wilmington, DE 19801 ■ Phone: 302-651-7700 ■ Fax: 302-651-7701

RLF1 7372833v.1        www.rlf.com

The Honorable Richard G. Andrews
October 10, 2012
Page 2

Plaintiffs then initiated this conference to compel Defendants to narrow the number of prior art references asserted to a reasonable number, such as 30.

Just as Plaintiffs could not practically take over 60 asserted claims to trial, so too Defendants cannot hope to present 83 prior art references to a jury.[2] And just as Defendants are entitled to focus on a manageable number of asserted claims in the run-up to trial, it is only fair that Plaintiffs know the true universe of prior art that Defendants intend to pursue. *See ActiveVideo Networks, Inc. v. Verizon Commc'ns, Inc.*, No. 2:10-248, 2011 WL 7036048, at *2 (E.D. Va. July 5, 2011) (ordering defendants to limit the number of prior art references on which they plan to rely at trial, in response to concerns that twenty-six references would be unmanageable); *Rambus Inc. v. Hynix Semiconductor Inc.*, Nos. C-05-00334 RMW, C-05-02298 RMW, C-06-00244 RMW, 2008 WL 4104116, at *6 (N.D. Cal. Aug. 27, 2008) ("It is hard for the court to imagine a legitimate basis for asserting more than two allegedly anticipating references and two or three obviousness combinations per claim. In the event that [the plaintiff] does not voluntarily reduce the number of asserted claims and [the defendants] do not greatly reduce their prior art references, the court will require the parties to do so as it deems appropriate."). Recently, Judge Stark ordered just such a reduction – to 30 references for 20 asserted claims – at a much earlier stage of a large patent litigation. (Ex. C (Trans. of Feb. 22, 2012 Telephonic Conf., *Intellectual Ventures I, LLC v. Check Point Software Techs. Ltd.*, No. 10-1067-LPS (D. Del.)) at 19-20.)

In recent correspondence, Defendants identified three reasons why they thought they should not have to reduce the number of prior art references. *First*, Defendants said that they needed Plaintiffs to respond to an interrogatory asking Plaintiffs to identify their disagreements with Defendants' invalidity contentions. (Ex. B.) Plaintiffs have now gone to the burden of providing responses as to all 83 references.

*Second*, Defendants said that they needed Plaintiffs to provide any admissibility objections to their asserted references. (*Id.*) This is spurious. Defendants are perfectly capable of evaluating, for these purposes, the chances that any documents are going to be excluded without Plaintiffs providing a list of objections – which will happen in the run-up to trial, as is typical practice.

*Third*, Defendants argued that certain of their 83 references are being cited to support Defendants' general assertions that certain features of the asserted claims (such as video clip previews) were known in the art. (*Id.*) It is not clear why this matters. Even if a reference is only being cited for a general proposition, it must still be presented to a jury with the adequate foundation laid at trial. As a practical matter, Defendants will not be able to do this for 83 references, regardless of whether they are being cited "as background."

---

[2] To reach 83, Plaintiffs counted alleged prior art systems, for which Defendants often asserted many individual printed references, as a single reference.

The Honorable Richard G. Andrews
October 10, 2012
Page 3

      Defendants' opening expert report on invalidity is due on November 2. Plaintiffs respectfully request an order requiring Defendants to reduce the number of prior art references asserted to 30 by that date.

Respectfully,

*/s/ Frederick L. Cottrell, III*

Frederick L. Cottrell, III (#2555)
cottrell@rlf.com

FLC,III/jjr

Attachments
cc:   All Counsel of Record (via CM/ECF and electronic mail)