# MORRIS, NICHOLS, ARSHT & TUNNELL LLP

1201 NORTH MARKET STREET
P.O. BOX 1347
WILMINGTON, DELAWARE 19899-1347

(302) 658-9200
(302) 658-3989 FAX

**KAREN JACOBS LOUDEN**
(302) 351-9227
(302) 425-4681 FAX
klouden@mnat.com

October 11, 2012

**BY E-FILING**

The Honorable Richard G. Andrews
J. Caleb Boggs Federal Building
844 N. King Street, Room 2325
Wilmington, DE 19801-3555

> Re:  *United Video Props. et al. v. Amazon.com, Inc. and IMDb.com, Inc.*,
> C.A. No. 11-003 (RGA) (D. Del.)

Dear Judge Andrews:

We write on behalf of defendants Amazon.com, Inc. and IMDb.com, Inc. (collectively, "defendants") in response to the request of plaintiffs United Video Properties, Inc., TV Guide Online, LLC and TV Guide Online, Inc. (collectively, "UVP") that the Court order defendants to "reduce the number of prior art references asserted to 30" by November 2, 2012. (D.I. 206). The Court should reject UVP's extraordinary request because it is unwarranted, would curtail defendants' rights, and is premature at best.

As the Court is aware, prior art refers to the body of knowledge that exists prior to the date of a claimed invention. Because a patent "is an exception to the general rule against monopolies and to the right to access to a free and open market," *Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co.*, 324 U.S. 806, 816 (1945), careful consideration of prior art prevents removal from the public that which is already known. *See Aronson v. Quick Point Pencil Co.*, 440 U. S. 257, 262 (1979) ("[T]he stringent requirements for patent protection seek to ensure that ideas in the public domain remain there for the use of the public.").

Ignoring the unquestionable importance of prior art for protecting both the public and defendants against the use of invalid patents to stifle innovation, UVP seeks a limit of 30 on the number of prior art references upon which defendants may rely, without offering any compelling justification for doing so.

Notably, UVP's letter to the Court offers no substantive challenge to the appropriateness of *any* of the 83 specific prior art references (or the completeness of defendants' contentions about them). Defendants have been accused of infringing twenty-three claims of four unrelated patents with priority dates ranging from 1992 to 1999. Many of the asserted claims are dependent claims that add minor variations to the independent claims from which they depend. Each of the purported inventions concerns relatively superficial features of electronic

program guides – a mature and crowded field at the time the patents were sought.  Given the nature of the claims, it should be no surprise defendants have identified 83 prior art references.[1]

Many of the 83 references anticipate the claims.  Others are used as primary references for obviousness purposes, or to describe the state of the art and demonstrate that any variations between the claims and the primary references were well known, predictable and obvious.  Indeed, UVP ignores its own contention that key references upon which defendants rely are missing claimed features.  Defendants will demonstrate through prior art that these features were not only known, but *well* known, to the public.  *See Muniauction, Inc. v. Thomson Corp.*, 532 F.3d 1318, 1326 (Fed. Cir. 2008) (finding claims obvious because two of the claimed elements were "well known" in the prior art).  Defendants will further demonstrate with prior art that the alleged claimed improvements were no more than predictable uses of well-known features.  *See KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398, 417 (2007) ("[A] court must ask whether the improvement is more than the predictable use of prior art elements according to their established functions.").

Also contributing to the number of prior art references necessary here is the fact that *each* of UVP's twenty-three claims are asserted under the doctrine of equivalents (in addition to literal infringement).  *See* Ex. B, Pls' Second Supplemental Resp. to Amazon's First Set of Interrogs. (No. 1) (Aug. 24, 2012) at A-1, B-1, D-1, E-1.  But the doctrine of equivalents is limited where the claims are in a crowded field, *Slimfold Mfg. Co., Inc. v. Kinkead Indus., Inc.*, 932 F.2d 1453, 1457 (Fed. Cir. 1991), and all relevant prior art references are important to limiting the range of equivalents that can be asserted in light of the quality and quantity of the prior art.  Defendants have a right to prove not only that a claimed feature was known in the art, but the *extent to which* such a feature was part of the public domain.  Consequently, the *quantity* of evidence—not merely its *quality*—is an important part of defendants' basic proofs.

UVP's letter ignores all of this.  Instead, the only rationale UVP musters for its request is its purported concern about the feasibility of presenting numerous prior art references *at trial*.  *See* D.I. 206 at 1 ("Plaintiff recognized that it would not be feasible to present . . . 42 prior art references at trial."); *id*. at 2 ("Defendants cannot hope to present 83 prior art references to a jury"); *id*. ("As a practical matter, Defendants will not be able to do this for 83 references . . . .").  But trial is not scheduled to commence for more than ten months.  Before then, the Court will rule on UVP's pending motion to clarify its claim construction order (D.I. 183), and on defendants' dispositive motions—rulings which may result in a reduction of the number of asserted claims, and a corresponding reduction in the number of relevant prior art references.[2]  Thus, as a practical matter, there are very likely to be fewer than 23 asserted claims and 83 prior art references at issue if and when there is a trial in this case.  Plaintiffs' request is therefore

---

[1] UVP has already responded to defendants' contentions.  UVP's most recent interrogatory responses concerning validity, addressing the 83 prior art references, are attached as Ex. A.

[2] UVP already dropped the '128 patent following claim construction (D.I. 182), and recognized that some outcomes of its request for clarification of the Court's claim construction order could be "more favorable to Defendants' non-infringement defenses."  D.I. 183 at 2.

premature, at best, and should be rejected on that basis alone.[3] *See, e.g., DCG Sys., Inc. v. Checkpoint Techs., LLC*, Case No.: C 11-03792 PSG, D.I. 108 (N.D. Cal. Aug. 20, 2012) (denying motion made before expert discovery to order reduction of prior art references from 78 to 35), attached as Ex. C.[4]

In addition to being premature, UVP's request would strike at the heart of defendants' right to shape their own trial strategy. If there is a trial in this case, defendants will have to make difficult choices about what evidence to present to the jury in the time available to them, and what evidence to omit despite its relevance—a choice confronted by parties in trials every day. Rather than let the defendants make these important decisions for themselves once the contours of the case to the tried (if any) are clear, UVP wants an order compelling defendants to eliminate relevant evidence now. This is plainly inappropriate. And such an order would be particularly inappropriate at this juncture in the case because it would force defendants to select now references that may become irrelevant as claims are eliminated from the case by the Court or by UVP.[5]

The order sought by UVP is neither necessary nor in the interests of justice. UVP's request should be denied.

> Respectfully,
> */s/ Karen Jacobs Louden*
> Karen Jacobs Louden (#5333)

cc: Clerk of the Court
All counsel of record (by email)

---

[3] UVP also ignores that defendants have indicated they may seek separate trials of the claims against Amazon and IMDb. *See* D.I. 128 at 6-7. The '078 patent is asserted against only IMDb, and the party asserting infringement of that patent has not brought any claims against Amazon. Fourteen of the 83 prior art references concern only the '078 patent.

[4] In response to UVP's request that defendants reduce the number of prior art references, defendants suggested a stipulation that certain concepts were well known in the art, and that UVP advise defendants of any references or systems that it contended did not qualify as prior art. *See* D.I. 206 Ex. B. UVP never responded to the suggestion of a stipulation as a way to reduce the number of necessary prior art references.

[5] The three opinions cited in UVP's letter do not support its request for relief here. *ActiveVideo Networks, Inc. v. Verizon Communications, Inc.*, 2011 WL 7036048 (E.D. Va. July 5, 2011), concerned a motion lodged shortly before trial to preclude untimely disclosed prior art references. In *Rambus Inc. v. Hynix Semiconductor, Inc.*, 2008 WL 4104116, at *6 (N.D. Cal. Aug. 27, 2008), faced with between 200 and 300 separate prior art references for approximately 25 asserted claims, the court did not compel any reduction; instead, the court encouraged the parties to reduce claims and references themselves, while implying that "two allegedly anticipating references and two or three obviousness combinations per claim" likely would be acceptable. In *Intellectual Ventures 1, LLC v. Check Point Software Techs. Ltd,* No.10-1067-LPS (D. Del.), attempting to facilitate the claim construction process, and confronted with 300 prior art references (most of which had not been charted), Judge Stark directed the defendants to reduce their prior references to 30 prior to claim construction briefing, with the proviso that they could seek an increase from 30 later in the case.