IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED VIDEO PROPERTIES, INC., <br> TV GUIDE ONLINE, LLC, and <br> TV GUIDE ONLINE, INC., <br><br> Plaintiffs, <br><br> v. <br><br> AMAZON.COM, INC., and <br> IMDB.COM, INC., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) C.A. No. 11-003 (RGA) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## STIPULATION OF JUDGMENT OF NON-INFRINGEMENT

**WHEREAS,** in this action, Plaintiffs assert claims 1, 9, 10, 14, 19, 27, 28 and 32 of U.S. Patent No. 7,603,690 (the "'690 patent") against Defendant Amazon.com, Inc. ("Amazon"), as described in their infringement contentions for the '690 patent, attached hereto as Exhibit A;

**WHEREAS,** in this action, Plaintiffs assert claims 3, 11-13, 19, 21, 34, and 51 of U.S. Patent No. 6,275, 268 (the "'268 patent") against Amazon, and claims 3 and 34 of the '268 patent against Defendant IMDb.com, Inc. ("IMDb"), as described in their infringement contentions for the '268 patent, attached hereto as Exhibit B;

**WHEREAS,** Defendants contend they do not infringe these claims;

**WHEREAS,** claims 1 and 27 of the '690 patent recite an "interactive program guide," and claims 9, 10, and 14 depend from claim 1;

**WHEREAS,** in its June 22, 2012 Memorandum Opinion (D.I. 183) as clarified on December 14, 2012 (D.I. 216), the Court construed "interactive program guide" as "an application that produces interactive display screens identifying the channels and times on which television programs will air" and further stated that the term "require[s] the application[] to provide current and forward-looking program schedule and channel information—*i.e.*

information concerning what programs are currently airing and when programs will air in the future, and on what channel," (D.I. 216 at 1);

**WHEREAS,** while the parties disagree over whether the Court's construction of "interactive program guide" is correct, all parties agree and stipulate that Defendants do not infringe claims 1, 9, 10, 14, and 27 of the '690 patent as a result of and under the Court's construction of the "interactive program guide" limitation, that the remaining claims shall be dismissed with prejudice, and that Defendants are therefore entitled to Judgment of Noninfringement of the '690 patent;

**WHEREAS,** all asserted claims of the '268 patent require an "electronic television program guide" and "displaying" program listings and information with that guide;

**WHEREAS,** in its June 22, 2012 Memorandum Opinion (D.I. 159) as clarified on December 14, 2012 (D.I. 216), the Court construed "electronic television program guide" to be "an electronic application that identifies the channels and times on which television programs will air" and further stated that the term "require[s] the application[] to provide current and forward-looking program schedule and channel information—*i.e.* information concerning what programs are currently airing and when programs will air in the future, and on what channel," (D.I. 216 at 1);

**WHEREAS,** in its June 22, 2012 Memorandum Opinion (D.I. 159) as clarified on December 14, 2012 (D.I. 216), the Court held that "'Displaying' information in the '268 patent necessarily involves overlaying it on top of a currently-playing television program" and "must necessarily relate to television and not other forms of 'overlaying' on a screen such as when a program 'window' on a computer screen is overlaid on top of a user's desktop and other program windows," (D.I. 216 at 1-2);

**WHEREAS,** while the parties disagree over whether the Court's constructions of the "electronic television program guide" and "displaying" limitations are correct, all parties agree and stipulate that Defendants do not infringe any asserted claim of the '268 patent as a result of and under the Court's construction of either the "electronic television program guide" or "displaying" limitations, and that Defendants are therefore entitled to Judgment of Noninfringement of the '268 patent.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED** that Plaintiffs United Video Properties, Inc., TV Guide Online, LLC, and TV Guide Online, Inc. (collectively "Plaintiffs") reserve any right to appeal this Judgment of Noninfringement for the purpose of obtaining review of the Court's claim constructions. In addition, the parties agree that this stipulation is without prejudice to any claim construction, infringement, or noninfringement positions with respect to any other limitations of any asserted claim of the '268 and '690 patents;

**IT IS FURTHER STIPULATED AND AGREED** that Defendants believe that there are additional grounds of noninfringement, including grounds based on claim constructions other than those discussed above. Defendants reserve the right to assert these grounds in the future, including the right to assert other noninfringement grounds as alternative bases for upholding the Judgment of Noninfringement or seek summary judgment of noninfringement. Should Defendants do so, Plaintiffs reserve the right to dispute those grounds; and

**IT IS FURTHER STIPULATED AND AGREED** that Defendants believe that the asserted claims of the '690 and '268 patents are invalid and reserve the right to assert invalidity arguments in the event that the Judgment is reversed or modified (including the right to seek

3

summary judgment). Should Defendants do so, Plaintiffs reserve the right to dispute those grounds; and

**IT IS FURTHER STIPULATED AND AGREED** that the parties' stipulation and agreement as to judgment of noninfringement shall have the same effect for res judicata and collateral estoppel purposes as if Defendants had moved for summary judgment of noninfringement on the '690 and '268 patents, and the Court granted the motion based on the Court's construction of the limitations discussed above; and

**IT IS FURTHER STIPULATED AND AGREED** that the file histories for the '690 and '268 patents, which were produced in discovery and are attached to this Order as Exhibits C and D, constitute part of the record underlying this stipulation such that it is available to the reviewing court on appeal.

RICHARDS, LAYTON & FINGER, PA

/s/ *Anne Shea Gaza*

Frederick L Cottrell, III (#2555)
Anne Shea Gaza (#4093)
One Rodney Square
920 North King Street
Wilmington, DE 19801
(302) 651-7700
cottrell@rlf.com
gaza@rlf.com

*Attorneys for Plaintiffs United Video Props., Inc., TV Guide Online, LLC, and TV Guide Online, Inc.*

March 22, 2013

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ *Michael J. Flynn*

Karen Jacobs Louden (#2881)
Michael J. Flynn (#5333)
1201 North Market Street
Wilmington, DE 19801
(302) 658-9200
klouden@mnat.com
mflynn@mnat.com

*Attorneys for Defendants Amazon.com Inc., and IMDb.com, Inc.*

## ORDER FOR JUDGMENT OF NONINFRINGEMENT

The foregoing Stipulation of Judgment of Noninfringement is **SO ORDERED** this 27th day of March, 2013.

The Clerk is hereby directed to enter Judgment of Noninfringement as to the '690 and '268 Patents. This Judgment shall have the same effect for res judicata and collateral estoppel purposes as if Defendants had moved for summary judgment of noninfringement on the '690 and '268 patents, and the Court granted the motion based on the Court's construction of the "electronic television program guide," "interactive program guide" and "displaying" limitations. This Judgment shall preserve Plaintiffs United Video Properties, Inc., TV Guide Online, LLC, and TV Guide Online, Inc. (collectively "Plaintiffs") right to appeal this Judgment for the purpose of obtaining review of the Court's claim construction of the aforementioned limitations as set forth in the Court's June 22, 2012 Memorandum Opinion (D.I. 159), as clarified on December 14, 2012 (D.I. 216).

The Clerk is hereby directed to enter final judgment in this action in favor of Defendants and against Plaintiffs.

The Honorable Richard G. Andrews
United States District Judge